IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE LITTLETON                                                                              PLAINTIFF

v.                                              No. 3:04CV00224 GH

PILOT TRANSPORTATION CENTER                                                  DEFENDANT

**ORDER**

By order filed on August 15th, the Court permitted plaintiff to dismiss his ADA claim without prejudice, granted summary judgment in favor of defendant on the claims of retaliation and outrage, and denied summary judgment as to the claim of race discrimination in denial of raises. By separate order filed that same date, the Court found that defendant's motion in limine to exclude witness statements from the EEOC investigation of the retaliation charge as being hearsay and seven witnesses identified in plaintiff's pre-trial disclosure sheet who were purportedly not disclosed by either party in the course of discovery had been rendered moot in light of that order granting summary judgment on plaintiff's claims of retaliation and outrage.

On March 20th, defendant filed a motion in limine to exclude evidence – both exhibits and witnesses – identified by plaintiff in his recent pre-trial disclosure sheet relating to the retaliation claim that was dismissed. It argues that, with the retaliation claim dismissed, any testimony and evidence related to those allegations are irrelevant. Defendant continues, to the extent that the Court does permit any of that evidence as being relevant to the narrow disparate treatment issue, it renews

its motion in limine to exclude the evidence on the basis of the hearsay rule and due to plaintiff failing to disclose many of the witnesses during the discovery period.

Plaintiff filed a response on March 22nd that the EEOC records in its investigation of the retaliation charge are subject to the hearsay exception and these matters go to the credibility of defendant and its witnesses. He asserts that defendant has long known the persons listed and they are employees of defendant. Plaintiff contends that the evidence regarding the retaliation claim is relevant for punitive damages since defendant should have corrected its mistake related to the correction notice. He suggests that the issue could be mooted if defendant would stipulate regarding the statements made in connection with the EEOC investigation, that its representations were false, that it had no interest in determining if the accusations against plaintiff were true, and that its previous statements about deficiencies in his job performance were untrue.

Defendant also filed a reply on March 22nd that the response confirms that all the evidence which plaintiff seeks to introduce is related solely to the retaliation claim that was dismissed. To plaintiff's argument that the evidence can refute defendant's assertions that plaintiff failed to receive raises due to poor job performance, defendant states that it has always maintained that plaintiff did not receive raises in 2002 and 2003 because he was earning more money than all his co-workers including his supervisor so the testimony of employees in an entirely different division of the company – the travel center – could not be relevant to the compensation decisions made in the transportation department. It continues that plaintiff is seeking to impeach by extrinsic evidence on matters collateral to the remaining issue for trial and wants to expand the scope, length, costs and burden of the trial to include matters that have already been dismissed from the litigation. Defendant also contests that the documents submitted to the EEOC constitute an admission and asserts that

plaintiff is intending to offer the notes by the EEOC to establish the truth of what the witnesses told that agency. Finally, defendant states that while it recognizes the names of the witnesses identified by plaintiff, plaintiff had the duty to identify the persons he intended to call as witnesses during discovery.

In the August 15th order granting summary judgment on the retaliation claim, the Court held:

> Although plaintiff disagrees with the Correction Notice and has presented evidence as to the accuracy of the investigation and later developments regarding certain Travel Center employees who had complained or supported that complaint, the record shows that there was a complaint – whether true or not – against plaintiff by the Travel Center manager – of whom there is no evidence that he was aware of any protected activity by plaintiff – which was reported to defendant. However, more significant, the Correction Notice simply does not rise to the level of an adverse employment. While plaintiff argues that the Correction Notice is a threat to plaintiff's continued employment, there is no evidence, as required by the appellate court, that defendant has subsequently used the Correction Notice to alter plaintiff's employment.

It is clear that plaintiff is seeking to relitigate the issue of the correction notice, but under the guise of implicating credibility and punitive damages. However, the Court has already found that there was no evidence that the correction notice was used to alter plaintiff's employment and so it is not relevant to the only issue before the Court – the denial of raises. In addition, to permit evidence of the events that were the subject of the retaliation claim to be used for credibility purposes would result in a mini-trial on what is now a collateral matter and it appears that such evidence would consume as much time or more than the evidence to be presented on the only remaining and narrow claim of race discrimination in denial of raises. Moreover, defendant has pointed out that it relied on the Court's August 15th rulings that the events surrounding the retaliation claim were no longer at issue. In sum, the Court finds that witnesses and exhibits related to the issuance of the correction notice that was the subject of the retaliation claim will not be permitted to testify or be admitted at trial.

Accordingly, defendant's March 20th motion (#48) in limine is hereby granted. Evidence that is related to the dismissed retaliation claim will be excluded at trial.

IT IS SO ORDERED this 22nd day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE