IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE LITTLETON                                                                                    PLAINTIFF

v.                                        No. 3:04CV00224 GH

PILOT TRANSPORTATION CENTER                                                         DEFENDANT

# ORDER

Pending before the Court is defendant's March 23rd motion to quash subpoenas issued by plaintiff to Thomas Bradshaw, Barbara Williams and Marvella Brownlee. Defendant states that the these witnesses do have not relevant information or personal knowledge regarding the sole issue remaining for trial, namely whether defendant intentionally discriminated against plaintiff on the basis of his race when defendant did not grant plaintiff pay raise in 2002 and 2003. In support of the motion is a brief, exhibit and an affidavit from Bradshaw that neither him, Williams nor Brownlee has any supervisory authority over plaintiff, they do not work directly or indirectly with plaintiff in the normal course of their duties, and they have not had any involvement or responsibility with respect to plaintiff's payroll. Defendant also asserts that these witnesses are being told to report to Jonesboro, they live over 100 miles away from the courthouse, and proper witness and mileage fees have not been tendered.

Plaintiff responded on March 24th[1] contending that defendant has changed its explanation of why plaintiff did not receive the raises and will contend that plaintiff's performance as an employee is deficient including the alleged conduct that led to the correction notice[2] so these witnesses will testify that plaintiff did not engage in the alleged conduct, that the witnesses were never asked for statements until after the EEOC start an investigation, that the witnesses will testify that they were asked to give false statements, and they were reminded before the first trial date of their duty to be careful in their testimony and one was fired shortly thereafter.

By order filed on March 22nd granting defendant's motion in limine, the Court found that witnesses and exhibits related to the issuance of the correction notice that was the subject of the retaliation claim would not be permitted to testify or be admitted at trial. That ruling applies equally to plaintiff and defendant so that the events involving the correction notice will be excluded from the trial. As defendant will not be able to rely (assuming for purposes of this order that defendant would want to do so) on the correction notice as a basis for the denial of pay raises, the anticipated testimony of these witnesses concerning the correction notice issues is simply not relevant to the only issue left to be tried. Since the Court has granted summary judgment to defendant on the retaliation claim involving the correction notice, has found one motion in limine moot due to the summary judgment ruling, has granted a motion in limine to exclude evidence related to the

---

[1] Due to the shortness to time before the March 27th trial, the Court has considered plaintiff's faxed copy of the response which reflects that the original is being sent via Federal Express to the Clerk's office for filing.

[2] The Court notes that the retaliation claim based on the issuance of the correction notice was dismissed because there was no evidence that defendant had used that notice to alter the plaintiff's employment and the Court has not found any pleading by defendant in the record that asserts the notice as a ground for the denial of plaintiff's raises.

correction notice, and – by this order – is granting the current motion to quash subpoenas for witnesses related to the correction notice, the Court trusts that the record is crystal clear and counsel understands that any evidence related to the issuance of the correction notice will be barred at trial.

Accordingly, defendant's March 23rd motion (#54) to quash subpoenas is hereby granted.

IT IS SO ORDERED this 24th day of March, 2006.

_____
UNITED STATES DISTRICT JUDGE