IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE LITTLETON                                                                PLAINTIFF

VS.                              NO. 3:04CV00224JMM

PILOT TRAVEL CENTERS, LLC                                              DEFENDANT

## ORDER

Pending is Plaintiff's motion for reconsideration and additionally and alternatively for a new trial. (Docket # 71). Having considered all arguments set forth by the parties, the Court finds that Plaintiff's motion should be denied.

Plaintiff asks the Court to review the Court's Order[1] dismissing Plaintiff's retaliation claims in consideration of the Supreme Court's ruling in *Burlington Northern & Santa Fe. Ry. Co. v. White*, 126 S. Ct. 2405 (2006). In *Burlington Northern*, the Supreme Court held that the anti-retaliation provision of Title VII protects individuals "from retaliation that produces an injury or harm." *Id.* at 2414. The standard is an objective one, requiring the plaintiff to demonstrate that "a reasonable employee would have found the challenged action materially adverse, and the employer's action "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 2415.

Plaintiff's retaliation claim arises from a Correction Notice issued to him on October 2, 2003. The Court has reviewed the arguments of counsel and the Opinion of the Honorable George Howard dismissing this claim and finds that under the *Burlington Northern* standard, Plaintiff failed to identify any "significant harm" caused by this notice. *See, Gilbert v. Des*

---

[1] Issued August 15, 2005 by the Honorable George Howard, Jr.

*Moines Area Community College*, 495 F. 3d 906 (8th Cir. 2007) (rejecting an argument that an employment letter threatening "appropriate disciplinary action" would "have dissuaded a reasonable worker from making or supporting a charge of discrimination.")

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) serves "to correct manifest errors of law or fact or to present newly discovered evidence." *Tolerson v. Auburn Steel Company, Inc.*, 987 F. Supp. 700, 712 ( E.D. Ark. 1997). In order for Littleton to prevail, he must clearly establish a manifest error of law or fact or present newly discovered evidence. *Id.* "A plaintiff may not use such a motion to introduce evidence that was available during the pendency of the dispositive motion nor to present arguments that could or should have been raised earlier." *Id.*

According to Rule 59(a)(2) of the Federal Rules of Civil Procedure, a new trial may be granted "in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed. R. Civ. P. 59(a)(2). The Court finds that Plaintiff has failed to demonstrate that the Court's findings of fact and conclusions of law resulted in manifest injustice or were based on substantial error. For the reasons set forth in the Court's Findings of Fact and Conclusions of Law the Court finds that Plaintiff failed to demonstrate that the reasons proffered by Defendant for holding his pay rate flat for a two-year period was motivated by racial bias.

Wherefore, Plaintiff's motion, docket # 71 is denied.

IT IS SO ORDERED this 2nd day of January, 2008.

*[signature]*
James M. Moody
United States District Court